**SIGNED THIS: November 30, 2005**

_____
**THOMAS L. PERKINS
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HELEN E. COLLINS, | ) | No. 05-83021 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

Before the Court is the objection by Michael D. Clark, the Chapter 13 Trustee, to the claim of homestead exemption made by the Debtor, Helen E. Collins (HELEN). In addition to her own exemption, HELEN claims a survivor's exemption arising from the death of her first husband. The Chapter 13 Trustee contends that HELEN is limited to a single claim of exemption.

The relevant facts are not in dispute. HELEN and her former husband, Dennis Collins, resided at 310 Iris Court, Canton, Illinois. Title to the property was in Dennis Collins' name alone. After his death in 1996, HELEN, as administrator of his estate, executed an Administrator's Deed transferring title to her name. HELEN continued to reside in the residence with their two children, Amber Collins and Tiffany Collins.

HELEN filed a Chapter 7 petition on June 17, 2005, claiming a $15,000 homestead exemption under 735 ILCS 5/12-901.

The Chapter 7 Trustee objected to the claim of exemption, contending that it should be limited to $7,500, alleging that the home was owned by HELEN'S deceased husband and that she inherited the real estate upon his death.[1]  Before the Court ruled on the objection, the case was converted to Chapter 13 on HELEN'S motion.  Adopting the stance taken by the Chapter 7 Trustee, the Chapter 13 Trustee also filed an objection to HELEN'S claim of homestead exemption.[2]  In support of her double claim of homestead, HELEN filed an amended Schedule C, claiming her deceased former husband's exemption under 735 ILCS 5/12-902, as well as her own pursuant to 735 ILCS 5/12-901.

A hearing was held on the Chapter 13 Trustee's objection on October 24, 2005, and the matter was taken under advisement by the Court.  The parties, as directed, have filed an agreed statement of facts.  HELEN also filed a pleading, alternatively claiming the continued exemption under Section 12-902 for the benefit of her younger daughter, still a minor at sixteen, the older daughter having turned 18 prepetition.  The Chapter 13 Trustee has acknowledged that the younger daughter was sixteen years old on the date that the petition was filed.

The homestead exemption, having existed in Illinois since 1851, is a purely constitutional and statutory right.[3]  Its lengthy history has been peppered with troublesome

---

[1] It is now settled that title is a prerequisite for an exemption under Section 12-901.  *See, De Martini v. De Martini,* 385 Ill. 128, 52 N.E.2d 138 (1943); *In re Hartman,* 211 B.R. 899 (Bankr.C.D.Ill. 1997).  Prior to Dennis Collins' death, HELEN, not having held title, would not have been entitled to an exemption under Section 12-901.

[2] In Chapter 13, the homestead exemption issue is relevant to the best interest of creditors test under Section 1325(a)(4), pursuant to which the allowable amount of the disputed homestead exemption must be determined in order to ascertain how much unsecured creditors would receive in a hypothetical Chapter 7 liquidation.

[3] The Illinois Constitution of 1870, Article IV, provides:
Section 32.  Homestead and exemption laws.  The general assembly shall pass liberal homestead and exemption laws.

2

questions of construction.[4]  At issue here is the application of Section 12-902, which provides for the continuation of the exemption after death or desertion for the benefit of the debtor's spouse and/or minor children.  That section provides:

> Such exemption shall continue after the death of such individual, for the benefit of the spouse surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes 18 years of age; and in case the spouse deserts his or her family, the exemption shall continue in favor of the one occupying the premises as a residence.

735 ILCS 5/12-902.  The right granted by this provision is entirely derivative, preserving in favor of the surviving spouse and/or minor children, the homestead right to which the deceased had been entitled.  By operation of law, that homestead estate vests in the surviving spouse and/or minor children.  Thus, the nature and extent of this survivor's right is defined by the primary right of homestead, found in Section 12-901, which provides:

> Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in a farm or lot of land and buildings thereon, a condominium, or personal property, owned or rightly possessed by lease or otherwise and occupied by him or her as a residence, or in a cooperative that owns property that the individual uses as a residence. That homestead and all right in and title to that homestead is exempt from attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes and from the laws of conveyance, descent, and legacy, except as provided in this Code or in Section 20-6 of the Probate Act of 1975.  This Section is not applicable between joint tenants or tenants in common but it is applicable as to any creditors of those persons.
>
> If 2 or more individuals own property that is exempt as a homestead, the value of the exemption of each individual may not exceed his or her proportionate share of $15,000 based upon percentage of ownership.

---

[4] As early as 1871, the Supreme Court, in *Black v. Curran*, 81 U.S. 463, 20 L.Ed. 849, 14 Wall. 463 (1871), addressed an "embarrassment" in the administration of the Illinois homestead law concerning confusion over whether homestead property may be forcibly sold subject to the owner's right of occupancy.

The purpose of the estate of homestead and the exemption is to secure for the debtor and his family the necessary shelter or the means to acquire shelter during difficult economic circumstances. *Bank of Illmo v. Simmons*, 142 Ill.App.3d 741, 492 N.E.2d 207 (Ill.App. 5 Dist. 1986). Given that purpose, the homestead laws are liberally construed by Illinois courts. *Matter of Matthews*, 43 B.R. 466 (N.D.Ill. 1984). A debtor's homestead right is not a mere exemption, but a freehold estate in land.[5] *Matter of Szekely*, 936 F.2d 897, 903 (7th Cir. 1991). Where the value of the property exceeds the amount of the statutory exemption, the homestead estate is in reality a monetary exemption. *Bank of Illmo v. Simmons*, *supra*. It permits the debtor to remain in the property until the cash value of the exemption is received. *Matter of Szekely*, *supra.* A homestead right, once acquired, may be voluntarily relinquished or conveyed as provided by statute, but cannot be involuntarily taken away. *People v. One Residence Located at 1403 East Parham Street*, 251 Ill.App.3d 198, 621 N.E.2d 1026 (Ill.App. 5 Dist. 1993).

There is no question that HELEN acquired her husband's homestead exemption right upon his death by operation of Section 12-902. *See, In re Rhoades,* 176 B.R. 167 (Bankr.C.D.Ill. 1994). A surviving spouse's right to a continued exemption under Section

---

[5]This was not always so. When first enacted, the right of homestead was just a "mere exemption or right of occupancy." Explaining the change, the court in *Browning v. Harris*, 99 Ill. 456 (1881), stated:

> A right so precarious and restricted was not only, to some extent, anomalous in the law of real property, but it failed to meet the varied wants and necessities of homestead occupants and their families, growing out of the ownership of such an interest. Temporary removals, even, could not safely be made without giving color to the claim of abandonment, and if the occupant did not happen to own the estate to which the right attached, however valuable he may have rendered it by improvements, and however imperative his necessities might require a change of residence, he could not sell or otherwise dispose of it to any one except the owner of the estate, who might allow him something or nothing for it, just as he saw fit. The homestead occupant thus circumstanced was placed at the mercy of the owner of the legal title.
>
> Again, the right of the surviving husband or wife to the homestead might be defeated altogether, by partition proceedings at the suit of the heirs, at that advanced period of life when the comforts of a home are most needed. With a view of remedying these inconveniences and manifest defects in the prior law, and placing the right of homestead upon a substantial and solid basis, the legislature, in 1873, passed an amendatory act, radically changing some of the provisions of the Homestead law.

12-902 does not require that the surviving spouse hold an ownership interest in the real estate prior to the death of his or her spouse.  If the Chapter 13 Trustee's argument is that HELEN'S subsequent acquisition of title to the property divests her of her survivor's claim under Section 12-902 or merges it into her then-acquired exemption under Section 12-901, this Court believes that he is in error.  Dennis Collins' estate of homestead vested, upon his death, jointly in HELEN and their minor children.  The court in *Walker v. Walker*, 195 Ill. 409, 412, 63 N.E. 271 (1902), described the nature of the interests acquired by a surviving spouse and the minor children, stating:

> The estate of homestead is in this state, during the period of its existence, a joint tenancy; the principle of survivorship being inseparably connected with it.  When the estate is cast upon the family of a deceased householder, it is enjoyed as a whole by all the members jointly entitled to it, and upon the death of one the interest of the survivors is enlarged to that extent.  In the case of minor children, as they become of age their interests cease, and the remaining members of the family succeed to the whole homestead estate.

Because they continuously occupied the property as their homestead since Dennis' death, the survivors' homestead continues for the benefit of HELEN and her minor daughter and is properly claimed in this proceeding.

In so holding, this Court does not consider that the 1982 amendment to Section 12-901, changing the person who qualified for a homestead exemption from a "householder with a family" to "[e]very individual" and reducing the amount of the exemption from $10,000 to $7,500, effected any change in the continuance of the surviving spouse's and/or minor children's homestead exemption under Section 12-902.[6]  *See,* Ill.Rev.Stat.1981, ch 52,

---

[6] Reflecting 19th Century mores, it was the husband who was presumed the "householder" contemplated by the statute, although it could be the wife upon a proper showing.  *First Nat. Bank & Trust Co. of Rockford v. Sandifer,* 121 Ill.App.2d 479, 258 N.E.2d 35 (Ill.App. 2 Dist. 1970); *In re Doyle,* 209 B.R. 897 (Bankr.N.D.Ill. 1997).

par.1, repealed by P.A. 82-280, sec. 19B-101, eff. July 1, 1982. The amendments were made in response to the recently enacted Bankruptcy Code and at Congress' urging for states to expand their rather limited exemptions. *See, In re Ashley,* 317 B.R. 352 (Bankr.C.D.Ill. 2004)(*citing In re Marriage of Logston*, 103 Ill.2d 266, 469 N.E.2d 167 (1984)). Though the amount of the exemption was reduced for surviving spouses and minor children claiming the exemption under Section 12-902, the predominant effect of the amendment was to increase the homestead exemption, bringing it in line with the exemption available under Section 522 of the Bankruptcy Code.[7]

Moreover, except as noted above, Section 12-902 remained unchanged. It is significant that the Legislature chose not to amend Section 12-902 to provide for termination of the survivor's exemption upon acquisition of an ownership interest in the real estate and an independent right to claim an exemption under Section 12-901, even though the 1982 amendments were quite comprehensive and the Legislature is presumed to understand and intend all consequences of its acts. *See, Kozak v. Retirement Bd. of Firemen's Annuity and Ben. Fund of Chicago,* 95 Ill.2d 211, 218, 447 N.E.2d 394, 398 (1983) (must be presumed in adopting statutory amendment legislature was aware of judicial decisions concerning prior and existing law). The interpretation adopted herein effects, in this Court's view, a "plain meaning" rule of statutory construction, which is the primary rule in Illinois. *Nottage v. Jeka,* 172 Ill.2d 386, 392, 667 N.E.2d 91, 93 (1996) (courts should

---

[7] Section 522(b)(1) allowed an individual debtor to exempt property listed in Section 522(d)(1), which permitted an exemption for:
> The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

The 1994 Bankruptcy Reform Act increased the homestead exemption to $15,000, providing for the amount to be adjusted every three years. The current amount of the exemption is $18,450. 11 U.S.C. § 522(d)(1).

not, under guise of statutory construction, add requirements or impose limitations inconsistent with plain meaning of enactment); *People v. Dixon,* 359 Ill.App.3d 938, 835 N.E.2d 925, 928 (Ill.App. 4 Dist. 2005).  There is nothing in the statutory scheme as it is presently constituted to indicate that the survivor's interest under Section 12-902 is intended to terminate if the survivor subsequently qualifies for an exemption under Section 12-901.  The sections appear as independent, stand-alone provisions and must be applied as such.

In sum, because the estate of homestead which belonged to Dennis Collins and devolved upon HELEN and their children, is a vested right which has neither been voluntarily relinquished or conveyed, her right to claim a homestead exemption under Section 12-902 continued as of the petition date.  That result is dictated by the nature of the homestead estate.

Accordingly, the Chapter 13 Trustee's objection to HELEN'S claim of homestead exemption under Section 9-102 will be denied.  This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###